THIS was an action of debt brought by Alexander, &c. to recover from Thomas Emerson and James Gholson, the amount of a note executed by them to Christian Brummall, and by John Brummall, the administrator of Christian Brummall, assigned to Thomas C. Pile, and by Pile assigned to Alexander, &c. the present appellants.
The trial was had in the circuit court on issues taken to pleas of payment and accord and satisfaction.
2. The plea of accord and satisfaction alleges, that Christian Brummall, to whom the note was executed, delivered the note to Josiah Brummall and John M. Emerson, and authorised them to receive property for the note or otherwise dispose of the same as they might deem proper, and that by an agreement with the said John Emerson and Josiah Brummall, the said Thom, as Emerson and James Gholson discharged said note by delivering to them a boat, horses, tobacco and ho"gs, to the amount of the note, which the said John Emerson and Gholson being authorized to receive, did receive in full satisfaction and discharge of the said notes &c.
3. To support this plea, John Emerson was introduced as a witness, but his competency was objected to by the appellants, and the objections overruled by the court.
An examination of the competency of air interested witness . ervants or agents are competent re. ieaSe to prove the money,or the delivery of j=Ndsf°? ’?e" principals*1 though their evidence ]i"df \°. fll3‘ S,1 *"’
*26 The main cjuestion made in argument, involves the propriety of the decision overruling the objections to th.e competency of Emerson as a witness.
4. The objection was taken on the ground of inter, est, .and t he witness was examined for the purpose of proving it. The witness stated lie did not know whether he was interested or not; but said he was a partner of Josiah Brummall, and that the note on which the suit is founded, was delivered without as. signmem during the existence of the partnership, by Christian Brummall, to him, the witness, and Josiah Brummall, as a part of the partnership stock of said Josiah, and to be used and disposed of by them as they might think proper; that lie knew of no payment made by said josiah Brummall to Christian Brum. mall, but said Christian had been the guardian of Josiah, and he heard ’bristian say, he delivered the note as part of Josiah’s property. The witness further proved,, that-whilst the nole was so.in possession of himself and Josiah Brummall, as partners, they agreed with the appellees to receive-an Orleans boat, horses, hogs and tobacco, in discharge of the same, and that the boat, horses, hogs, and tobacco, were accordingly paid by the defendants and received by the witness and Josiah Brummall in discharge of the note.
5. The facts thus detailed, we cannot admit, disclose such an interest in the witness asshould' have excluded his evidence from the jury. A verdict against the ap. pellants would no doubt prevent the appellees from asserting any claim which they might otherwise have against the witness and his partner, josiah Brummall, for the property advanced by them in satisfaction of the note; but as the, note was not assigned to the witness and Josiah Brummall, in case of a recovery by the appellants, they would be shielded from any action which might otherwise be brought against them on account of having received the amount of the note ; .so that the interest which the witness may be supposed to have on the side of the appellees, may be said' to be neutralized by his interest on the side of the appellants. It is true, if, as the witness states, the note was delivered by Christian Brummall, the payee, to him and Josiah Brummall, as part of Josiah’s property, there could be no recovery against him by either the administrator of Christian Brummall or any as *27 signee of thé note, though the final decision of this cáse should be against the appellants; but assuming facts stated by the witness, to be correct, it is equally true, that there can be no recovery against him by the appellees, even if the decision of this case should be against them,
6. The facts stated by the witness, cannot- have Vested the legal title of the note iti him and Josiah Brummall; but they are sufficient to show an auihori ty in them either to receive payment or satisfaction from the obligors; and considered in the light of agents, the witness was most indisputably a competent wit ness ; for it is a settled prinpiple, that without a re lease, servants or agents are competent witnesses to prove the payment or receipt of money, or the delivery of goods on befialf of their master or principal, though their evidence tends to discharge themselves — Phil• fei.94. ' ' *
The judgment must therefore be affirmed with cost.